O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. L-03-87 |
| | § | |
| | § | |
| $1,278,795.00 | § | |
| (ONE MILLION TWO HUNDRED | § | |
| SEVENTY EIGHT THOUSAND SEVEN | § | |
| HUNDRED NINETY FIVE DOLLARS) | § | |
| UNITED STATES CURRENCY, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM AND ORDER</u>

Pending is the Government's motion for summary judgment or, in the alternative, to strike claimant's answer. (Docket No. 25). The Government earlier filed a motion to stay discovery proceedings. (Docket No. 23).

In this civil case, the Government seeks to forfeit approximately $1.3 million in narcotics proceeds that federal agents seized at the residence of Victor Ramirez and Leticia Orozco. Ramirez and Orozco have been indicted on money laundering charges in a related criminal matter (L-05-122). Ramirez filed a motion in the instant case to quash the Government's attempts to depose him, and to request a protective order. (Docket No. 22).

The Government requested the discovery stay because of what it

viewed as an unfair asymmetry.  When the Government filed its motion, it feared that Ramirez and Orozco might exercise their Fifth Amendment rights by refusing to give depositions or otherwise cooperate.  The Government would then have been barred from conducting meaningful discovery, but Ramirez and Orozco would not. However, Orozco has since cooperated, and pleaded guilty in the related criminal matter.  Orozco's cooperation allowed the Government to file the pending motions, and there is no indication that further discovery is needed.  The motion to stay is therefore DENIED as moot.

Turning to the merits of the case, the Government argues that Ramirez has fled the country and is therefore prohibited by the Fugitive Disentitlement Act from pursuing his civil claim.  See 28 U.S.C. § 2466.  The Government moves to strike Ramirez's answer and to enter a default judgment.  Ramirez is the only known claimant. Orozco agreed to forfeit any interest in the subject currency as part of her plea agreement.

Whether to strike Ramirez's answer, or, more accurately, to dismiss his claim, is within the Court's discretion, so long as the Act's five prerequisites are met.  They are:  1) the Government must have obtained a warrant or other process for the claimant in a criminal proceeding; (2) the claimant must have notice or knowledge of the warrant; (3) the criminal case must be related to

the civil case; (4) the claimant must not be confined overseas; and (5) the claimant must have deliberately avoided prosecution by (a) leaving the United States, (b) deciding not to reenter, or (c) deliberately evading the jurisdiction of the court where the criminal matter is pending.  28 U.S.C. §  2466; <u>Collazos v. United States</u>, 368 F.3d 190, 198 (2nd Cir. 2004).

Ramirez had notice that he was a wanted man, satisfying prerequisites one and two.  A warrant issued for Ramirez upon his January 19, 2005, indictment in the criminal case.  Orozco's first affidavit states that she discussed Ramirez's indictment with him after her own arrest.  Ramirez's attorneys indicated that they were aware a criminal case was proceeding, and referred to Ramirez as "Defendant" in at least one civil filing.  (Docket No. 22).  Both the Government and the Court alerted Ramirez's attorneys that the Act may apply, which would have put the attorneys on at least inquiry notice that a warrant existed.  (Docket Nos. 24 and 27). Even if, after all this, Ramirez was not aware that a warrant had actually issued, the Government's pending motion contains that information.

Orozco's plea in the criminal case shows that it is related to the civil action, supporting prerequisite three.  She agreed to forfeit any claim to the sum of $1,278,795, the amount in the civil case.  Ramirez and his attorneys themselves show that the cases are

3

interrelated by noting in a civil filing that "because there is a criminal case pending ... Defendant will be invoking his Constitutional Right [sic] to remain silent."   (Docket No. 22). This statement is also relevant to the second prerequisite.

Prerequisites four and five are also easily met.  There is no suggestion from anyone that Ramirez is confined overseas.  He signed his claim for the money in Nuevo Laredo, Mexico, showing that he left the United States.  At a May 24, 2005, status conference his attorneys indicated that he was "unavailable." Orozco stated in her affidavit they she believes Ramirez intends to stay in Mexico to avoid charges, though she does not claim personal knowledge of his current whereabouts.  Neither Ramirez nor his attorneys responded to the Government's motion or to the Court's recent show cause order.  (Docket No. 27).  Likewise, they have filed nothing since the May status conference, more than ten months ago.

Because all five prerequisites for the Act are established by ample evidence, the Court grants the Government's motion. However, it appears that the proper procedure is not to strike Ramirez's answer and to enter a default judgment, as the Government requests, but rather to dismiss Ramirez's claim.  See Collazos, 368 F.3d at 195, 206 (affirming the district court's decision to dismiss a fugitive's claim).

4

Even if the Fugitive Disentitlement Act did not apply, the Court would grant the Government's motion for summary judgment on its merits.  Summary judgment is appropriate if the pleadings and other filings show that there is no genuine issue of fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  Taken together, the pleadings, supporting affidavits, Ramirez's filings, and Orozco's guilty plea establish that the subject currency is property involved in a conspiracy to launder narcotics proceeds.  See 18 U.S.C. §§ 981, 1956.[1]

Through attorneys, Ramirez answered the initial complaint and conceded many of the facts surrounding the seizure of the funds.  He submitted a claim on August 25, 2003, asserting that he had obtained the funds legally "in the ordinary course of his business operations" but did not explain what this business might be.  (Docket No. 9).  Given the compelling evidence in the record of the nature and source of the subject currency, Ramirez's unsupported, self-serving, and conclusory statement that he obtained the funds legally does not create a material issue of fact.

In sum, Ramirez's claim is DISMISSED under the Fugitive

---

[1]The Government's complaint refers primarily to 21 USC § 881, the forfeiture statute under Title 21, the drug laws.  In the pending motions, the Government relies on 18 USC §§ 981, 983, and 1956, sections which govern forfeiture for money laundering violations.  The Court's analysis applies to either forfeiture provision.

Disentitlement Act. In any event, the Government's motion for summary judgment is GRANTED on its merits, and Ramirez's claim DENIED.   (Docket No. 25)   Because this order disposes of all pending claims, Ramirez's motion to quash and for a protective order is DENIED as moot.   (Docket No. 22).

DONE at Laredo, Texas, this 30th day of March, 2006.


_____

George P. Kazen
United States District Judge